

NUMBER 13-13-00573-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE J. R., A CHILD

### On appeal from the 156th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

This is an accelerated appeal of the trial court's judgment granting the Department of Family and Protective Services' petition to terminate the parental rights of appellant J.T. over her minor son J.R.[1] The trial court found that there was clear and convincing evidence of four of the statutory grounds for termination and that termination was in the

---

[1] We refer to appellant and her son by their initials in order to protect their privacy. *See* Tex. R. App. P. 9.8(b).

best interests of the child. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(D), (E), (I), (O), 161.001(2) (West 2008). We affirm.

## I. *ANDERS* BRIEF

Appellant's court-appointed appellate counsel has filed a brief in the style of *Anders v. California* stating that, after a thorough review of the record, he found no non-frivolous issues to advance on appeal. *See* 386 U.S. 738, 744 (1967). The *Anders* procedures were once limited to civil cases, but the Texas Supreme Court extended them to civil proceedings when it permitted appointed appellate counsel to file an *Anders* brief in an appeal of a juvenile delinquency proceeding. *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 55–6 (Tex. App.—Corpus Christi 2003, no pet.) (citing *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998)). "In permitting appellate counsel to file an *Anders* brief, the supreme court recognized that counsel, though appointed to represent the appellant, had no duty to pursue a frivolous matter on appeal." *Id.* at 56. This Court, following other Texas appellate courts, has applied the *Anders* procedures to appeals of orders terminating the parent-child relationship. *Id.* (concluding that "when appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief" and collecting cases from other Texas appellate courts that came to the same holding).

To that end, appellant's brief meets the requirements of *Anders* because it presents a professional evaluation of why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds

none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of her right to review the record and to file a pro se brief. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23. More than an adequate time has passed, and appellant has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988); *Porter*, 105 S.W.3d at 55. We have reviewed the entire record, including counsel's appellate brief, and we have found no reversible error. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court terminating appellant's parental rights.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney requests this Court for permission to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n.17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex.

3

App.—Dallas 1995, no pet.)) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this Court's opinion and judgment to appellant and to advise her of her to right to file a petition for review with the Texas Supreme Court.[2] *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re Schulman,* 252 S.W.3d at 412 n.35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

/s/ Nora L. Longoria
NORA L. LONGORIA
Justice

Delivered and filed the
6th day of March, 2014.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *Id.* R. 53.2.